# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

1000 LOUISIANA
SUITE 5100
HOUSTON, TEXAS 77002
(713) 651-9366
FAX (713) 654-6666
WWW.SUSMANGODFREY.COM

_____

| SUITE 1400 | SUITE 3000 | ONE MANHATTAN WEST |
| 1900 AVENUE OF THE AMERICAS | 401 UNION STREET | NEW YORK, NEW YORK 10001-8602 |
| LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-2683 | (212) 336-8330 |
| (310) 789-3100 | (206) 516-3880 | |

VINEET BHATIA
DIRECT DIAL (713) 653-7855                                   E-MAIL vbhatia@susmangodfrey.com

February 19, 2025

*By ECF*
Hon. Vernon S. Broderick
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   C.A. No. 24-cv-07402 (VSB); *Patel v. FanDuel, et al*

Dear Judge Broderick:

I represent the defendants Fan Duel, Inc. and Flutter Entertainment plc in the above-referenced matter.

The Court ordered defendants to submit a letter explaining whether their pending motion to dismiss is moot in light of the amended complaint filed on February 18, 2025.

Flutter's motion to dismiss is moot because the amended complaint does not bring any claims against it.

As for FanDuel's motion to dismiss, when a plaintiff amends his complaint "after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint." *Pettaway v. Nat'l Recovery Sols, LLC*, 955 F.3d 299, 303 (2d Cir. 2020). Because the amended complaint includes some new allegations that FanDuel would address in a renewed motion, *see, e.g.*, Am. Compl. ¶¶ 254–257, it has "supersede[d] the original" and rendered it moot. *Pettaway*, 955 F.3d at 303 (quoting *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000)).

February 19, 2025
Page 2

      FanDuel therefore requests leave to file a renewed motion to dismiss by March 7, 2025. Under Federal Rule of Civil Procedure 15(a)(3), the deadline to file such a motion is March 4, 2025. FanDuel seeks a three-day extension due to the press of other litigation matters. No previous requests for extensions with respect to the filing of a renewed motion to dismiss have been made. Plaintiff's counsel consents to this extension.

      FanDuel continues to believe that arbitration of Patel's claims is required under the Federal Arbitration Act. Accordingly, the motion to compel arbitration is not moot. The amended complaint, however, includes different paragraphs from the original pleading, and it would likely be more convenient for the Court if FanDuel filed an amended motion to compel arbitration that cites to the new allegations. FanDuel will be in a position to file an amended motion by this Friday, February 21, and will do so with the leave of the Court, which we request. Plaintiff's counsel will file an opposition to the motion to compel by February 28, and FanDuel will file any reply by March 7. Plaintiff's counsel consents to this proposed schedule.

      Thank you for your consideration.

                                        Respectfully submitted,

                                        Vineet Bhatia

Cc: Counsel of Record (by ECF)