## SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

1000 LOUISIANA
SUITE 5100
HOUSTON, TEXAS 77002
(713) 651-9366
FAX (713) 654-6666
WWW.SUSMANGODFREY.COM

| SUITE 1400 | SUITE 3000 | ONE MANHATTAN WEST |
|---|---|---|
| 1900 AVENUE OF THE AMERICAS | 401 UNION STREET | NEW YORK, NEW YORK 10001-8602 |
| LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-2683 | (212) 336-8330 |
| (310) 789-3100 | (206) 516-3880 | |

VINEET BHATIA
DIRECT DIAL (713) 653-7855

E-MAIL vbhatia@susmangodfrey.com

April 28, 2025

*By ECF*
Hon. Vernon S. Broderick
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:  C.A. No. 24-cv-07402 (VSB); *Patel v. FanDuel, et al*

Dear Judge Broderick:

Defendant Fan Duel, Inc. submits this notice of supplemental authority in the above-referenced matter.

On April 28, 2025, the Third Circuit affirmed the decision of the district court in *Antar v. Borgata Hotel Casino & Spa, LLC*, No. 22-CV-5785, 2024 WL 1672280 (D.N.J. Jan. 31, 2024). As explained in FanDuel's motion to dismiss, in *Antar*, the plaintiff—like Patel here—argued that he was enticed to gamble through a "VIP Account Manager" who offered "numerous gambling promotions, incentives, and bonuses meant to encourage further gambling." *Id.* at *1; *see* Mot. to Dismiss, Dkt. 44, at 12-13. The district court held that the defendants did not owe the plaintiff a duty of care and dismissed the negligence claims against them. 2024 WL 1672280, at *4.

The Third Circuit held that the district court correctly dismissed the negligence claims for lack of duty. The Third Circuit explained that "[c]ourts applying New Jersey law have consistently rejected imposing a duty of care on casinos towards compulsive gamblers," and that "courts across the country that have considered the issue have uniformly rejected imposing such a duty on casinos." No. 24-1364, Dkt. 62, at 10–11. Because New Jersey did not "impose a

April 28, 2025
Page 2

duty of care on casinos over problem gamblers, statutorily or through caselaw," the negligence claims were properly dismissed. *Id.* at 12. For the reasons stated in FanDuel's motion to dismiss, Florida does not impose such a duty either, and this Court should dismiss the negligence claim.

Moreover, in *Antar*, the Third Circuit again recognized that "gambling losses 'present almost metaphysical problems of proximate causation.'" *Id.* at 9 (quoting *Hakimoglu v. Trump Taj Mahal Assocs.*, 70 F.3d 291, 294 (3d Cir. 1995)). Those same causation issues preclude Patel's negligence and FDUTPA claims in this case, as set forth in FanDuel's motion. *See* Mot. to Dismiss 13–14, 15.

A copy of the ruling of the Third Circuit is attached. Thank you for your consideration.

Respectfully submitted,

Vineet Bhatia

Cc: Counsel of Record (by ECF)